# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

HORACE BENJAMIN CUMMINGS,

Inmate ID Number: 363027,

*(Write your full name and inmate ID number.)*

Case No.: 4:24cv194-WS/MAF
*(To be filled in by the Clerk's Office)*

v.

William Crunk MD, P.A.,

Kasey M. Paynter L.P.N,

James R. Ryan; MD: Orthopedcs

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Jury Trial Requested?**
☑ YES  ☐ NO

LEGAL MAIL
Provided to
Wakulla CI

FILED USDC FLND TL
MAY 2 '24 PM 3:00

APR 29 2024

FOR MAILING

NDFL Pro Se 14 (Revised June 2022) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

1

## Civil Rights Complaint Form For
## Pro Se Prisoner Litigants in Actions Under
## 28 U.S.C. §1331 or §1346 or 42 U.S.C. §1983

HORACE BENJAMIN Cummings,

Inmate ID Number: 303027

V.

CASE NO.: _____

Thomas Winters; MD orthopedics

D.P. Turner; MD physical theraphy

Centurion Health Service of Florida

Joseph Borgeron, RN Supervisor

JURY TRIAL Requested?

☑ Yes    ☐ NO

(continue of 1)

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: HORACE BENJAMIN Cummings ID Number: 303027

List all other names by which you have been known: HORACE Cummings

Current Institution: WaKulla CorrectioNAl Institution-Main Unit

Address: 110 MElAlEucA DRive

CrawfordvillE, Florida 32327-4963

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: William CrunK

   Official Position: Doctor

   Employed at: WaKulla CorrectioNAl Institution-Main Unit

   Mailing Address: 110 MElAlEucA DRive

   CrawfordvillE Florida

   ☑ Sued in Individual Capacity          ☑ Sued in Official Capacity

2. Defendant's Name: KASEY M. PAYNTER

Official Position: L.P.N. - Wound Care Specialist

Employed at: RECEPTION & Medical CENTER - Main Unit - R.M.C.

Mailing Address: 7765 County Road 231

LAKE Butler, Florida 32054-3740

☑ Sued in Individual Capacity          ☑ Sued in Official Capacity

3. Defendant's Name: James R. Ryan

Official Position: MD: Orthopedics

Employed at: Reception & Medical CENTER - Main Unit - R.M.C.

Mailing Address: 7765 County Road 231

LAKE Butler, Florida 32054-3740

☑ Sued in Individual Capacity          ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

4. DEFENDANT'S NAME: Thomas Winters, MD; Orthopedics

Official Position: Doctor-Orthopedic

Employed At: Reception & Medical Center-Main Unit

Mailing Address: 7765 County Road 231

Lake Butler, Florida 32054-3740

☑ Sued in individual Capacity    ☑ Sued in Official Capacity


5. DEFENDANT'S NAME: D.P. Turner

Official Position: Doctor; Physical therapy

Employed At: Reception & Medical Center-Main Unit-R.M.C

Mailing Address: 7765 County Road 231

Lake Butler, Florida 32054-3740

☑ Sued in individual Capacity    ☑ Sued in Official Capacity


6. DEFENDANT'S NAME: Centurion Health Services of Florida

Official Position: Health Care Providers For Florida Department of Corrections

Employed At: Reception & Medical Center-Main Unit-R.M.C.

Mailing Address: 1800 South Pine Island Road

Plantation, Florida 33324

☑ Sued in individual Capacity    ☑ Sued in Official Capacity


(Continue of 3)

7. Defendant's Name: JOSEPH BORGERON

Official Postion: RN, RN Supervisor

Employed At: RECEPTION & Medical Center - Main Unit

Mailing Address: 7765 County Road 231

LAKE Butler, Florida 32054-3740

[X] Sued in individual Capacity            [X] Sued in Official Capacity

(Continue of 3)

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)          ☑ State/Local Officials (*§ 1983 case*)

## III.  PRISONER STATUS

Indicate your confined status:

☐  Pretrial Detainee                    ☐ Civilly Committed Detainee

☑  Convicted State Prisoner          ☐ Convicted Federal Prisoner

☐  Immigration Detainee             ☐ Other (*explain below*):

_____

_____

## IV.  STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach

irrelevant or unnecessary exhibits. Facts not related to this same incident or

issue must be addressed in a separate civil rights complaint.

1. In this Complaint Cummings will Alleges how William Crunk-MD, P.A. (Dr. Crunk), Kasey M. Paynter, L.P.N. (wound care specialist) James R. Ryan M.D; orthopedic, Thomas Winters, M.D. orthopedic, D.P. Turner M.D. (physical therapist), Joseph Bargeron R.N. supervisor, and Centurion Health Services of Florida (Centurion) are providing inadequate medical Treatment for Cummings serious medical condition

2. Cummings will show both objective and subjective components of deliberate indifference.

3. Cummings will show that his objectively serious medical need if left unattended poses a substantial Risk of Cummings living with pain in his Right Knee and that the defendant's Response to the need of Treatment is so poor as to constitute an unnecessary and wanton infliction of pain.

4. Cummings Right Knee condition is one that has been diagnosed by the defendant's as a serious medical need mandating

**Statement of Facts Continued** (*Page  5  of  6  *)

treatment And one that is so obvious that A lay person Easily Recognizes the Necessity For Medical Attention.

5.) Cummings will show the defendants subjective Knowledge of the Risk of Cummings having to suffer with pain; the defendants disregard of that Risk; And that their conduct is more than mere Negligence.

6.) The defendants conduct toward Cummings includes: a.) grossly inadequate medical care; b.) A decision to take an Easier but less Efficacious course of treatment; C.) Medical care that is so cursory as to Amount to no treatment at All.

7. Cummings Alleges that the defendants Actions toward Cummings serious Knee injury - torn patellar tendon condition were Exercised through the color of State law.

8. Cummings sciatica condition continues to worsen due to Centurions custom And policy that has been implemental with deliberate indifference as to its Known and obvious consequences to Cummings.

SECTION V

(CONTINUE OF PAGE(6))A

9.) Further, Cummings Sciatica Condition Continues to WORSEN due to Dr. Crunk intentional refusal to send Cummings to the outside hospital or emergency Room with no explanation.

10.) On Feburary 07, 2023 an MRI was conduct and Cummings was diagnosed with a Tear to the Right patellar tendon of the Knee from the January 12, 2023 injury. thus mandating the need for treatment to relieve the ongoing pain was/is experiencing.

11.) Cummings Right Knee is pinching the Sciatic Nerve to Cummings Right leg and Foot.

12.) This Right Knee ruptured patellar tendon causes extreme pain in the lower back and hip down the back of his right thigh into the Right leg and causes numbness in his right Foot.

13.) This condition is Know as Sciatica.

14.) Cummings will show Dr. CRUNK's deliberate indifference through Dr. CRUNK's Reasoning for failing to send Cummings to the outside hospital or the emergency room on the day of of the Incident, denying Cummings necessary Treatment.

15.) On January 12, 2023 Cummings began to be Transported To Medical at Wakulla Correctional Institution - Main Unit From the Recreation Yard off the Basketball court injury To Knee to see Dr. William Crunk.

16.) At that time Dr. Crunk diagnosed Cummings condition As needing surgery as being minimal.

17.) Dr. William Crunk order a X-tray on Cummings Knee the next day. give Cummings 30 mg torodol, 125 mg solumedrol im x 4 to relieve the pain on the Knee.

18.) It took Cummings 20 days to receive the MRI on his Knee.

19.) On January 30, 2023 Cummings was transfered to Reception and Medical Center (RMC) for his appointment with

SECTION V

(6B)

Doctor James Ryan; Orthopedic and Doctor Thomas Winters; Orthopedic

20. At that appointment, Dr. Ryan and Dr. Winters ordered an MRI due to the results of the X-Ray done on January 13, 2023.

21. At the following appointment, Dr. Ryan and Dr. Winters reviewed the MRI disk and determined that the x-ray did not correctly show Cummings condition, that the condition had worsen, and that surgery was necessary.

22. Dr. Ryan and Dr. Winters put in a recommendation for the surgery to be approved by Central Office

23. However, prior to the surgery, in April, 2023 Cummings was transferred back to Wakulla Correctional Institution Main Unit.

24. Due to much complaining with Centurion staff about Dr. William Crunk delay on sending Cummings to the Emergency Room or outside hospital, and Emails sent to the Warden and Regional Director Angela Gordon and Dr. Ryan and Dr. Winters Recommended surgery that had not been scheduled by Centurion.

25. Cummings was transferred back to RMC for his follow up appointment with Orthopedic Ryan and Winters.

26. Please keep in mind that while Cummings was transported to RMC for the 2nd time, Cummings is handcuffed, waist chain and shackles on his legs.

27. Further, Cummings was shackled to a reclining chair for twelve(12) hours and was known by Dr. Crunk, Dr. Ryan, and Dr. Winters

28. Florida Department of Corrections (FDOC) RMC security staff housing made Cummings moved to a upper bunk with a ruptured patellar tendon in his knee.

29. After reviewing Cummings Allegations herein the Court will see where Cummings exhausted all his Administration Remedies.

30. Cummings was housed at RMC-main Unit on a upper bunk for 9 days, had to sleep in his wheelchair until Centurion staff issued a lower bunk pass, which Cummings was in pain for 9 days.

SECTION V

(6C)

31. ON February 17, 2023 I was forced to move from CQ-2128S wheelchair lower bunk to CQ-118U a upper bunk with a ruptured pattelar tendon.

32. This back and forth process went on 4 more times while I was housed at R.M.C.-Main Unit, Centurion and staff members know about this and they committed deliberate indifference-Cummings exhausted his administration remedies

33. In late March 2023 the approval of the surgery for open repair Right patella tendon was approved and pending scheduling.

34. On March 30, 2023, Cummings was transported from R.M.C. back to Wakulla Correctional Institution-Main Unit without surgery.

35. Please keep in mind Cummings has been incorcerated for over twenty-six (26) years and at the moment has two (2) cases pending in various courts

36. Therefore Cummings has an abundance of legal materials for the cases and he must carry this along with other personal property on his shoulders to and from his dormitories to FDOC buses and arriving at his destination carry this property to his dormitory.

37. Each time Cummings has been transferred, his sciatica condition worsens due to the strain on Cummings ruptured knee.

38. Between April 01, 2023- April 24, 2023 the surgery to repair the Right patella tendon of the knee was scheduled by Central Office in Tallahassee, Florida.

39. On April 25 2023, Cummings was transported from Wakulla Correctional Institution-Main Unit to R.M.C.

40. Cummings was prep for surgery on Thursday April 27 2023 by Centurion nurse on what time not to eat before surgery.

41. On April 28, 2023 Cummings had the surgery repair to the Right patella tendon of the knee in a mobile trailer hospital unit housed outside of R.M.C. Hospital.

42. The mobile trailer hospital unit is owned by Doctor Thomas Winter's orthopedic contracted by Centurion.

43. The mobile trailer hospital unit was infected with mold among

Section V

(6cl)

Other things when Cumming had his surgery on April 28, 2023

44. Orthopedic's Dr. James Ryan And Dr. Thomas Winters performed the surgery on Cummings And Knew that the mobile hospital unit had Mold E in it.

45. Cummings will show that Centurion, Dr. Ryan, And Dr. Winters Knew And Known that the mobile unit was UNSAFE to perform the surgery on Cummings and should have Contract Another safer medical unit or hospital For inmates instead of the molded infected Mobil unit.

46. Cummings was ordered to Report to Wound Core on May 1, 2023 After the surgery on April 28, 2023 order signed by Dr. Winters And Dr. Ryan

47. The ordered Singned By the "2" Two orthopedic's Stated that Wound Care would end on Wednesday May 10, 2023

48. Cummings was seen by Wound Care Specialist & Supervisor or PCP Nurse Kasey M. Paynter; L.P.N.

49. Cummings told the PCP Nurse Paynter during the 10 days order that his Knee was Hot And didnot Feel Right, Nurse Paynter Stated that it was part of the healing.

50. Cummings Knee was infected And Nurse Paynter Failed to notify the Orthopedic doctors of that Fact.

51. On May 12, 2023 orthopedic Ryan And Winters took the Stitches out of Cummings Knee to Early And ordered Cephalxin 500mg cap And IBophen For Pain

52. A Day Before on May 11, 2023 orthopedic Doctor Thomas Winters orderd X-Rays on Cummings Knee, Cummings has the print out of the X-Ray Centurion Staff would not provide Actual Footage.

53. Orthopedic's Ryan And Winters Knew that Cummings Knee was infected From the surgery on April 28, 2023 and put the order in For Daily wound care.

54. By the order written by the orthopedics Wound Care Nurse Paynter Refused to treat Cummings wound Daily Because She Knew that she should have sent Cummings to see the Doctor's sooner Because Cummings Knee was infected

SECTION IV (CONT.)

(6E)

55. Cummings had to File a numerous of grievances on the PCP Nurse Paynter Because Paynter was the Supervisor Nurse and made the call-outs and Paynter took Cummings OFF the call-out For Daily Wound care to 3 days a week.

56. Because of the complaints and grievances by Cummings Centurion was or should have been placed on Notice of PCP Nurse Kasey M. Paynter's deliberate indifference.

57. On May 19, 2023 one week After Dr. Ryan and Dr. Winters took the stiches out Cummings was seen again by the "2" Two Orthopedics and given the same antibotics and Daily wound care.

58. On May 26, 2023 The "2" Two orthopedics ordered an X-ray done on Cummings Knee. And the "2" Two orthopedics did nothing to help Cummings infected Knee. Cummings has the Print-out of the X-ray, Centurion wouldn't give aztual Footage of X-ray

59. On June 09, 2023 Cummings was seen by Wound care specialist Kasey M. Paynter, Paynter took sample's of my infected wound on his Knee.

60. Nurse Paynter stated on June 09, 2023 that she was just gonna continue Cummings on the Cephalexin 500mg BID Puss was coming out of Cummings Knee. Because of the Grievances Filed on her.

61. The Next Day June 10, 2023 Approx 3:00pm the Cyst on Cummings Knee bursted and Cummings notified the Officer in F-dorm The Officer called Urgent care at R.M.C. main-unit, And told the Active Nurse on Duty that Cummings Knee had busted and puss was coming out of his Knee. The Active Nurse told the Officer that the PCP Supervisor K. Paynter ordered that Cummings not to come to Wound care till Monday June 12, 2023 when Cummings was on the call out For. Cummings exhausted his Administrative Remedies.

62. Cummings was seen by the "2" Two orthopedics Surgeon on June 16, 2023 and the Surgeon's Ryan and Winters put Cummings in again For Daily Wound care and authorization For a "2nd" Surgery An Irrigation and Debridement of the Right Knee to clean out the infection in the Right Knee.

(6F)

63. At one of Cummings appointments with the "2" orthopedics surgeon Florida Department of Corrections (FDOC) security staff from one of the area institutions and Centurion nurse heard Cummings tell the "2" orthopedics surgeon his dissatifaztion of nurse Paynter failing to treat his wound daily. And Centurion nurse stated that she would email nurse Paynter to make sure that Cummings wound is treated Daily.

64. Between the date of June 19, 2023 - July 13, 2023 Cummings had to put up with the unproffesional mannerism of nurse Kasey M. Paynter and her co-workers PCP nurses, because Cummings complaints to Centurion about not getting Daily wound care.

65. Also between the dates of June 19, 2023 - July 13, 2023 the Central Office approved the surgery "2nd" for an irrigation and Debridement of the right knee to clean out the infeation in the right knee that was infected from the "1st" surgery on April 28, 2023.

67. Thursday July 13, 2023 Cummings was prep by the Centurion staff member on what time not to eat before surgery the next day.

68. On Friday July 14, 2023 Cummings had the "2nd" surgery an irrigation and Debridement of the right knee in the same molded mobile hospital unit housed outside of the R.M.C. main unit hospital thats own by Dr. Thomas Winters contracted by Centurion LLC.

69. Cummings was sent back to his Dorm F at R.M.C. main unit after the surgery on Friday July 14, 2023

70. Approx. 5:30pm - 6:30pm Cummings was pushed to the medication window at R.M.C. main unit and requested his pain medication that was ordered by Dr. Ryan and Dr. Winters the Centurion nurses at the medication window stated the order wasnot in from the "2" orthopedics doctors.

71. Approx 8:00 pm FDOC security staff officer housed in F dorm did her rounds Cummings sleep in bunk F2-2148 S the last bunk in the dorm, the officer asked Cummings is he O.K.

(66)

71(con't) Because the Officer seen the Bandage on Cummings Knee was Bleeding, Cummings told the Officer that he had Just had surgery earlier that day.

72. Knowing that the Officer knew nothing about Cummings surgery she stated that they the "2" orthopedics should have Never sent Cummings Back to the dorm after surgery.

73. Later on the same night Cummings had to borrow pampers from other inmates housed in the Dorm with him, Because his Knee had started pouring out Blood.

74. On July 15, 2023 approx 12:05 am shift change the inmates notified the Officers that Cummings needed to go to Urgent Care immediately Because his Knee was Bleeding Non-stop.

75. The Sergeant of F-dorm on July 15, 2023 Sgt. Oliva wheeled Cummings to Urgent Care immediately And the Doctor on Duty/Dr. Kayode Balogun MD Physican Centurion Admitted Cummings into R.M.C.-Main Unit Hospital, Because Dr. Balogun Knee Cummings Knee was still infected.

76. Dr. Balogun Knowing Nothing About Cummings Conditions until seen By Dr. Balogun on 07/15/2023 when Dressing was Removed the Bandage with saturated with serosanguineous Fluids.

77. Dr. Balogun ordered Blood cultures X 2 saline and measured.

78. Dr. Kayode Balogun MD, Physican Centurion stated that the "2" orthopedics should have never let Cummings leave the surgery Room in the condition Cummings Knee was in, And should have Admitted Cummings into the RMC-Hospital.

79. The Time on Docket that Scott Hopkins, RN Centurion note that Cummings arrived at Urgent Care via wheelchair is 2:35am on July 15, 2023

80. Doctor Kayode Balogun MD Physican Centurion Order that A Picc Line Flushes BID (DoT) on Cummings-Vancomycin HCl 1cm iv solr And Cetepime HCl 2cm inj solr.

81. Cummings was in R.M.C.-Main Unit Hospital From July 15, 2023 - August 08, 2023 (24 Days)

82. Cummings was on I.V. For 20 days Vanco And Levofloxcin

(6H)

83. During the 24 days in R.M.C. Main Unit Hospital Cummings was prescribed Lortab 5m & 10m

84. While housed in the R.M.C. Main Unit Hospital Cummings would be in pain, And request the Lortab from Joseph Bargeron, RN RN Supervisor, Centurion And Joseph Bargeron would denie Cummings the Lortab for Pain

85. When Cummings Also inquired as to the reason Centurion would not seek Another supervisor than Joseph Bargeron due to Bargeron refusal to give Cummings his Lortabs 3 times a day, Centurion staff informed Cummings that Centurion is well aware of Joseph Bargeron failure to properly pass out Lortabs that his was saving Centurion money by doin this.

86. People incarcerated within the FDOC system are completely dependant upon Defendants herein to provide them with Adequate medical care.

87. Prisoners are not free to seek their own health care providers, even if they can pay for such services.

88. Cummings was discharged from R.M.C. Main Unit Hospital on August 08, 2023 At 1:52 pm.

89. Centurion Allowed Joseph Bargeron RN to change Cummings Pass And illegally Re-write Pass on 08/09/2023.

90. Cummings original pass was written by Maricelis Irizarry-Ortiz MD Physician Centurion on May 17, 2023 And the end date was on August 15, 2023 for Temp Wheelchair Pass.

91. Joseph Bargeron RN Supervisor took upon hisself to be unprofessional And Re-write A Walker pass upon Cummings Discharge And forced Cummings out of the Wheelchair. Forged Dr. Timothy Byrd APRN Name on the Pass written on 08/09/2023 Cummings Exhausted his Administrative Remedies And Failed Complaint to Health Services on Bargeron.

92. Upon discharged from R.M.C.-Hospital Timothy Byrd, APRN Medical Providers, Centurion wrote on Doctors Progress Note that Cummings was suppose to see the ortho F/u 3wks pending.

93. Cummings seen the "2" orthopedics surgeons on July 28, 2023

94. Centurion Staff did not schedule Cummings to see the orthopedics surgeon within the 3 weeks from July 28, 2023.

(6I)

95. Cummings was waiting for the follow up appointment with the "2" orthopedics which never came. The follow date was suppose to be Friday August 18, 2023. Cummings Exhausted his Admistration Remedies on this issue.

96. ON August 24, 2023 Cummings was seen by D.P. Turner; MD. physical theraphy Centurion, Doctor Turner examine me for physical theraphy. I Explained to Doctor Turner that my Knee was still hot And that I need to see the orthopedics to Re-new my Temp wheelchair pass and to Find out why my Knee was still hot. Cummings Exhausted his Admistrated Remedies on this issue.

97. Doctor Turner ignored my complaints And Put Cummings in for Approval of 8 weeks 2 times a week physical theraphy

98. ON September 11, 2023 Cummings went to sick call at R.M.C. main unit And was seen by sick call Nurse Cindy G. Nelson please note that the sick call Room And the wound care Room Are one in the same that Nurse Kasey M. Paynter Supervisor.

99. Cummings went to sick call to Renew his Temp wheelchair pass And to see can schedule For orthopedic because Cummings Knee was hot.

100. Nurse Cindy G. Nelson stated that she was going off Doctor Turner notes From August 24, 2023 And his notes stated that Cummings doesn't need a wheelchair, And that his Knee isn't infected to continue progress to a cane. Cummings Exhausted his Admistration Remedies.

101. Cummings physical theraphy was Approved by Central OFFICE for 8 weeks 2 times a week.

102. Cummings did physical theraphy From 9-2023 - 11-2023 with an infected Knee.

103. Finally on November 10, 2023 Cummings seen Orthopedic Dr. Thomas Windas. Dr. Windas ordered X-rays the same day. seen the infected Knee And Put a order in for a M.R.I.

104. ON November 21, 2023 Cummings Received Black Propet shoes From R.M.C. main unit warehouse house, the passes written by Marinetta-Gonzalez-Morales MD Physician; Centurion on March 01, 2023. 8 months after the pass was written.

(6J)

105. The Black propet shoes size 13 wide helps Cummings walk better because the "2" surgeries with the infected knee Cummings walks with a permanent limp and knee has a ugly long Bear on it. Cummings has pictures of scarred knee.

106. On May 06, 2023 Cummings went to sick call for the sick call nurse to put the consult in for Cummings to see the Braze clinic for custom long arch supports to go with his propet shoes size 13 wide.

107. Centurion staff member denied the consult for the Braze clinic. Cummings exhausted his administration remedies. Cummings needed the custom long arch supports because of the permanent limp he suffers from the "2" surgeries.

108. On December 14, 2023 Cummings got a M.R.I. done on his knee. The M.R.I. technian Mark W. Cooper M.D. And a lady M.R.I. technian was talking during the M.R.I. of Cummings and stated in front of other inmates waiting to get a M.R.I. that they seen the infection in Cummings knee. Centurion wouldnot release actual M.R.I.

109. Once the M.R.I. was complete on December 14, 2023 and the "2" M.R.I. technians was helping Cummings out of the M.R.I. machine the lady M.R.I. tech ask Cummings was he on any antibotics. Cummings has the print out of the M.R.I.

110. Cummings wasnot on any antibotics at that time.

111. Cummings didnot see the orthopedic until 29 days later.

112. Doctor J.P. Ryans seen Cummings on January 12, 2024 and looked at Cummings knee and M.R.I. report and stated that he didnot see an infection in the knee.

113. Also Dr. Ryan stated that there is a 2% chance that the surgies him and Dr. Thomas Winters do go wrong and I was in that 2% percent.

114. Dr. J.P. Ryan put in approval for Cummings to receive a "3" surgery for a right knee arthroscopy with shaving partial medial and lateral menisclectory vs repair instead of treating the infected knee. Cummings doesnot agree with an 3rd surgery and exhausted his administration remedies on it.

Section X (cont'd)

(6K)

115. However, prior to the surgery being approved, Cummings was transferred back to Wakulla Correctional Institution Main Unit.

116. Due to much complaining with Centurion staff about Dr. J.P. Ryan recommended 3rd surgery that had not been scheduled by Centurion, on January 23, 2024.

117. Early February 2024 Cummings family members emailed Regional Director Angela Gordon in Tallahassee, Florida, about Dr. J.P. Ryan recommended 3rd surgery on Cummings and ask for an second opinion.

118. Someone from Central Office FDOC in Tallahassee responded to the email sent by Cummings Family stating that inmates are not able to pick the Doctor they want.

119. Cummings filed a complaint all the way to the Secretary, FDOC about not agreeing with a 3rd surgery by Orthopedics James Ryan and Thomas Winter. Grievant log # 24-6-05399 Response was answered by Michelle Hall and T. Bowden-Central Office-Tallahassee. March 08, 2024

120. On February 28, 2024 Cummings went to sick call at Wakulla C.I. main unit because he knee was hot.

121. Cummings was seen by Medical Provider Minardi, P.A. Centurion for the hot knee and P.A. Minardi deemed the knee was infected and prescribed antibiotics for 10 days.

122. P.A. Minardi Centurion also prescribed pain medication and wound care for 10 days.

123. Cummings finished the antibiotics, wound care and pain medication given by M. Minardi, NP.

124. On April 08, 2024 Cummings went to Medical Emergency at Wakulla C.I. main unit, because a cyst had come on Cummings knee where the largest scar is from the surgery.

125. Dr. Coltes MD Centurion drained the cyst took cultures and ordered Doxycycline Hyclate 100 MG Tab and wound care for 10 days.

126. The mobile Medical Trailer unit was under remodeling and reconstruction from January 2024 - April 2024 to remove the mold.

SECTION V (CONT)

(6L)

## CAUSE OF ACTION

## Count I

### 42 U.S.C. § 1983 Claim Against Dr. William Crunk, PA

127. Cummings hereby incorporates by reference the allegations contained in paragraphs 1 through 126 above, as if set forth in full herein.

128. Count I is brought against Defendant William Crunk, PA, who was at all times relevant located at Wakulla Correctional Institution.

129. Cummings charges that PA Crunk, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to send Cummings to the outside hospital on the day of incident with no explanation.

130. Cummings further charges that due to PA Crunk medically unjustified delay or a decision to use less effective treatment to save money, PA Crunk constitutes deliberate indifference.

131. Pursuant to Florida Statutes §768.28(10)(a), P.A. Crunk by contract is an agent of the FDOC, the failure to take action by P.A. Crunk was an exercise of deliberate indifference toward the health, safety, and welfare, and constitutional rights of Cummings under the color of state law.

132. P.A. William Crunk, with full knowledge of the unconstitutional nature of his actions agreed and did exercise deliberate indifference to the safety and health of Cummings.

133. As a result, Cummings suffers damages in an amount to be determined at jury trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life with no treatment in an effort to alleviate and cure Cummings injuries.

SECTION I (CON'T)

(6M)

## Cause of Action

## Count II

42 U.S.C. §1983 Claim Against OR, Kasey M. Paynter L.P.N.

134. Cummings hereby incorporated by Reference the Allegations Contained in paragraphs 1 through 126 above, as if set forth in full herein.

135. Count II is brought Against Defendant Kasey M. Paynter L.P.N., who was at all times relevant located A Reception & Medical Center (R.M.C.)

136. Cummings charges that L.P.N. Paynter contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to treat Cummings wound after surgery everyday as ordered by the orthopedics.

131. Cummings further charges that due to L.P.N. K. Paynter's medically unjustified delay or A decision to use less effective treatment, because Cummings filed grievances against L.P.N. K. Paynter constitutes deliberate indifference.

138. Pursuant to Florida Statutes §768.28(a)(a) L.P.N. K Paynter by Contract is an Agent of the FDOC the failure to take Action by L.P.N. K. Paynter was an exercise of deliberate indifference toward the health, safety, and welfare and Constitutional Rights of Cummings under the color of state law.

139. L.P.N. Kasey M. Paynter with full knowledge of the unconstitutional nature of her actions Agreed and did exercise deliberate indifference to the safety and health of Cummings.

140. As A Result Cummings suffers damages in an amount to be determined at Jury trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life with no treatment in an effort to elleviate and cure Cummings injuries.

(6N)

## Cause of Action

## Count III

●42 U.S.C. §1983 Claim Against James R. Ryan, M.D. Orthopedis●

141. Cummings, hereby incorporates by reference the Allegations contained in paragraphs 1 through 72 above, As if set forth in full herein.

142. Count III. is brought Against Defendant Dr. James R. Ryan the Orthopedis M.D. who is at all times relevant located at R.M.C. Main Unit for inmates.

143. Cummings charges that Dr. James Ryan, contrary to the Eight and Fourteenth Amendments to the United States Constitution, knowingly And willfully exercised deliberate indifference by failing to treat the infected knee of Cummings after his surgery done in the molded mobile hospital Unit.

144. Cummings, further charges that due to Dr. James Ryan, dissatisfactions of A 3rd Recommended surgery on Cummings. he Allowed Cummings knee to stay infected until the surgery is Approved. Constitutes deliberate indifference with Cummings Sciatica condition.

145. Pursuant to Florida Statues §768.28(10)(A), Dr. James Ryan, by contract is an Agent of the FDOC, the failure to take Action by Dr. James Ryan was An Exercise of deliberate indifference toward the health, safety, welfare And constitutional Rights of Cummings under the color of State law.

146. Dr. Ryan with full knowledge of the unconstitutional nature of his Actions Agreed And did Exercise deliberate indifference to the safety And health of Cummings.

147. As a result, Cummings suffers damages in An amount to be determined At jury trial for his bodily injury And resulting pains And suffering, disability, disfigurement mental Anguish, loss of the capacity for the enjoyment of life with no treatment in an effort to Alleviate And cure Cummings injuries.

(60)

<u>Cause of Action</u>

<u>Count IV</u>

• 42 U.S.C. §1983 Claim Against Thomas Winters, M.D. orthopedics:

148. Cummings, hereby incorporates by reference the allegations contained in paragraph 1 through 72 above, as if set forth in full herein.

149. Count IV. is brought against Defendant Dr. Thomas Winters the orthopedis M.D. who is at all times relevant located at R.M.C. main unit for inmates and owner of Mobile Hospital Unit at R.M.C.

150. Cummings charges that Dr. Thomas Winters contrary to the Eight and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to treat the infected knee of Cummings after his surgery done in the molded mobile hospital unit.

151. Cummings, further charges that due to Dr. Thomas Winters dissatisfaction with Cummings complaints and grievances. he allowed Cummings knee to stay infected without treatment until the surgery is approved, constitutes deliberate indifference with Cummings sciatica condition.

152. Pursuant to Florida Statues §768.28(10)(A), Dr. Thomas Winters, by Contract is an agent of the FDOC, the failure to take action by Dr. Thomas Winters was an exercise of deliberate indifference toward the health, safety, welfare, and constitutional rights of Cummings under the color of state law.

153. Dr. Thomas Winters with full knowledge of the unconstitutional nature of his actions agreed and did exercise deliberate indifference to the safety and health of Cummings.

154. As a result, Cummings suffers damages in an amount to be determined at jury trial for his bodily injury and resulting pain, and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life with no treatment in an effort to alleviate and cure Cummings injuries.

(68)

CAUSE OF ACTION

COUNT V

• 42 U.S.C. § 1983 Claim Against D.P. TURNER, MD physical therapy

155. Cummings, hereby incorporates by Reference the allegations contained in paragraph 1 through 72 above, as if set forth in full herein.

156. Count V. is brought Against D.P. Turner. MD physical therapy who is at all times relevant located at R.M.C. Main Unit for inmates.

157. Cummings charges that Dr. D.P. Turner contrary to the Eight and Fourteenth Amendments to the United states Constitution, Knowingly and willfully exercised deliberate indifference by failing to treat the infected knee of Cummings and forced Cummings to go through physical therapy with the infected knee.

158. Cummings, Further charges that due to D.P. Turner dissatifactions with Cummings complaints and grievances. he still allowed Cummings to go threw physical therapy with the infected knee without treatment, constitutes deliberate indifference with Cummings sciatica condition.

159. Pursuant to Florida Statues § 768.28 (10)(A), Dr. D.P. Turner, by contract is an agent of the FDOC, the failure to be take action by Dr. D.P. Turner was an exercise of deliberate indifference toward the health, safety, welfare, and constitutional rights of Cummings under the color of state law.

160. Dr. D.P. Turner with full knowledge of the unconstitutional nature of his actions agreed and did exercise deliberate indifference to the safety and health of Cummings.

161. As a result, Cummings suffers damages in an amount to be determined at jury trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capicity for the enjoyement of life with no treatment in an effort to elleviate and cure Cummings injuries

( 6 Q )

## CAUSE OF ACTION

## COUNT VI

• 42 U.S.C. § 1983 Claim Against JOSEPH BARGERON, RN supervisor

162. Cummings, hereby incorporates by Reference the Allegations contained in paragraph 1 through 72 above, As if set forth in full herein.

163. Count VI is brought Against JOSEPH BARGERON, RN Supervisor who is at all times relevant located at R.M.C. MAIN UNIT FOR INMATES.

164. Cummings charges that Joseph Bargeron contrary to the Eight And Fourteenth Amendments to the United States Constitution, Knowingly And willfully exercised deliberate indifference by failing to give Cummings his prescribed medicine And forging Cummings passes to fit to his (Joseph Bargeron) liking

165. Cummings, Further charges that due to Joseph Bargeron dissatisfications with Cummings complaints And grievances. Bargeron still allowed Cummings to go thren pain And struggling with a walken instead of Cummings Assigned wheelchair, constitutes deliberate indifference with Cummings Sciatica condition.

166. Pursuant to Florida Statues § 768.28(10)(A), RN Supervisor Joseph Bargeron by contract is an Agent of the FDOC, the failure to take Action by Joseph Bargeron was an exercise of deliberate indifference toward the health, safety, welfare And constitutional Rights of Cummings under the color of state law.

167. RN Supervisor JOSEPH Bargeron with full Knowledge of the unconstitutional nature of his Actions Agreed and did exercise deliberate indifference to the safety and health of Cummings.

168. As a Result, Cummings suffers damages in an Amount to be determined At jury trial for his bodily injury And Resulting pain And suffering, disability, disfigurement mental Anguish, loss of the capicity for the enjoyement of life with no treatment in An Effort to elleviate And cure Cummings injuries

SECTION VII (CONT.)

(6R)

## Count VII

• 42 U.S.C. §1983 Claim Against Centurion Health Services of Florida

169. Cummings hereby incorporates by reference the allegations contained in paragraphs 1 through 186 above, as set forth in full herein.

170. Count VII is brought against Centurion Health Services of Florida pursuant to 42 U.S.C. §1983 for deliberate indifference to the critical medical needs of Cummings, as an individual with sciatica and infected knee that required testing and treatment to prevent substantial health deterioration of his lower back condition from knee injury.

171. Centurion and/or its employees or agents, knew that on January 12, 2023 through April 08, 2024, that Cummings had severe pain resulting from his sciatic condition in his right knee and that if the condition is not adequately monitored and addressed it could result in serious irreparable harm.

172. By January 13 2023, Centurion and/or its employees or agents, knew that Cummings was suffering from injured knee that causes great pain.

173. Dispite knowledge of Cummings serious medical needs, Centurion and or its employees or agents were deliberately indifferent to those serious medical needs in failing to provide the necessary medical care and treatment for Cummings.

174. Centurion and/or its employees or agents knew that taking no action and/or insufficient action could result in the deterioration of Cummings right knee cap.

175. At all times relevant to this complaint, Centurion's policy, customs and intentional delay in providing adequate medical care for Cummings serious medical condition constitutes deliberate indifference by subjecting Cummings to cruel and unusual punishment through the unnecessary and wanton continued infliction of pain.

SECTION VI (CONT)

(65)

176. Centurion's decision to take a less efficacious course of treatment in the name of cost prevention and the medical care actually provided by Centurion is so cursory as to amount to no treatment at all, thus depriving Cummings of his right to adequate medical care for his serious medical condition under the Eighth Amendment.

177. Centurion's knowledge of William Crunk, Kasey Paynter, James Ryan, Thomas Winters, D.P. Turner, and Joseph Borgeron's refusal to treat Cummings knee injury and Centurion's refusal to seek other consultations for appointments with other doctors in the same are for adequate treatment constitutes diliberate indifference.

178. As a direct and proximate result of Centurions intentional outright denial of any medical treatment and/or deliberate indifference toward Cummings serious medical needs, Cummings continues to suffer great physical pain, discomfort and mental anguish in violation of Cummings Eighth and Fourteeth Amendments Rights.

179. As a result, Cummings suffered damages in an amount to be determined at jury trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life with no treatment in an effort to alleviate and cure his injuries.

180. The loses are either permanent or continuing and Cummings will suffer loses in the future.

7(A)

1. A preliminary and permant injunction in the form of the proper medication (Antibotics - Lortabs) to relieve the pain and to get rid of infection in the Knee at Jacksonville Memorial Hospital.

2. Compensatory damages in the amount of $750,000.00 against Defendant's William Crunk Kasey M. Paynter, James Ryan, Thomas Winters, D. P. Turner, Joseph Bargeron in their individual and official capacity.

3. Compensatory damage in the amount of $300,000.00 Against Defendant Centurion in their individual and official capacity.

4. Punitive damages in the amount of $1,250,000.00 Against Defendant's William Crunk Kasey M. Paynter, James Ryan, Thomas Winters, D. P. Turner, Joseph Bargeron in their individual and Official capacity.

5. Punitive damages in the amount of $700,000.00 Against Defendant Centurion in their individual and official capacity.

6. Recovery of costs for filing filing fees, legal copies, legal postage and any other costs incurred by this action.

7. Any further relief this court deems just, proper and equitable.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*  If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES    ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: APRil 30, 2021    Case #: 3:21-CV-443-MMH-McR

   Court: United STATes Disrict Court For the Middle District of Florida

   Reason: Dismissed without PreJudice

2. Date: OctobER 17 2019    Case #: 3:19-CV-1172-J-25JBT

   Court: Middle Distict of Florida

   Reason: Dismissed without PreJudice

3. Date: February 08 2018    Case #: 3:18-CV-207-J-39JRK

   Court: Middle District of Florida

   Reason: Dismissed without PreJudite

4. Date: February 4, 2024
   Case #: 3:03 cv-860-J-25HTS
   Court: Middle District of Florida
   Reason: Dismissed with Prejudice.

(Con't Page 9)

*(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits or appeals in ***state or federal court*** dealing
    with the same facts or issue involved in this case?

    □ YES  □̸ NO

    If "Yes," identify the case number, parties, date filed, result (*if not still
    pending*), name of judge, and court for each case (*if more than one*):

    1.  Case #:_____Parties: _____

        Court:_____Judge: _____

        Date Filed:_____Dismissal Date (*if not pending*): _____

        Reason: _____

    2.  Case #:_____Parties: _____

        Court:_____Judge: _____

        Date Filed:_____Dismissal Date (*if not pending*): _____

        Reason: _____

    *(If necessary, list additional cases on an attached page)*

C.  Have you filed any other lawsuit, habeas corpus petition, or appeal in
    ***state or federal court*** either challenging your conviction or  relating to
    the conditions of your confinement?.

    □̸ YES   □ NO

    If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 2022 CA 001443 Parties: Horace B. Cummings vs Ricky Dixon Sec. of Florida

   Court: Leon County    Judge: John Cooper

   Date Filed: 8/24/2022 Dismissal Date (*if not pending*): Pending

   Reason: Pending Writ of Mandamue

2. Case #: 3:21-cv-711-TJC JRK Parties: Horace B. Cummings Sec, Fla Dept of Corn

   Court: Middle District    Judge: James R. Klindt

   Date Filed: 07/15/21 Dismissal Date (*if not pending*): Pending

   Reason: Pending 2254

3. Case #: 98-543    Parties: Cummings v. State of Florida

   Court: 1st DCA/Direct Appeal Judge: Jack Schemer

   Date Filed: N/A    Dismissal Date (*if not pending*): September 2, 1998

   Reason: Appealed Convictions From 1998

4. Case #: 1D06-4718    Parties: Cummings v. State of Florida

   Court: 1st DCA    Judge: N/A - Writ of Habeas Corpus

   Date Filed: N/A    Dismissal Date (*if not pending*): December 28, 2000

   Reason: Writ of Habeas Corpus was untimely

5. Case #: 1D02-5085    Parties: Cummings v. State of Florida

   Court: 4th Cir Court - Duval Judge: W. Gregg McCourie

   Date Filed: N/A    Dismissal Date (*if not pending*): N/A

   Reason: denied

6. Case #: _1D06-3399_  Parties: _Cummings v. State of Florida_

Court: _4th Jud Cir - Duval_  Judge: _Jock M. Schemer_

Date Filed: _NA_  Dismissal Date (*if not pending*): _July 11, 2007_

Reason: _denied 3.850_

**(*Attach additional pages as necessary to list all cases.*)**

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(PAGE 12 CONT')

7. CASE #: ~~1D08~~ 1D08-5992    Parties: Cummings v. State of Florida
Court: 1st DCA                   Judge: Jack M. Schemer
Date Filed: N/A                  Dismissal Date (if not pending): 4/6/2009
Reason: 3.850 denied

8. Case #: 1D09-4913             Parties: Cummings v. State of Florida
Court: 1st DCA                   Judge: Mark Hulsey III
Date Filed: N/A                  Dismissal Date (if not pending): 12/30/2009
Reason: denied - Writ of Certiorari

9. Case #: 1D10-3822             Parties: Cummings v. State of Florida
Court: 4th Jud. Cir - Duval      Judge: Mark H. Mahon
Date Filed: N/A                  Dismissal Date (if not pending): 11/11/2010
Reason: denied 3.850

10. Case #: 1D11-2481            Parties: Cummings v. State
Court: 1st DCA                   Judge: ~~Mark~~ N/A
Date Filed: N/A                  Dismissal Date (if not pending): 8/10/11
Reason: denied 3.850

11. Case #: 1D12-3762            Parties: Cummings v. State of Florida
Court: 4th Judicial Circuit - Duval   Judge: N/A
Date Filed: N/A                  Dismissal Date (if not pending): 1/30/13
Reason: denied 3.800

12. Case #: 1D14-2426            Parties: Cummings v. State of Florida
Court: 4th Jud. Cir Court - Duval   Judge: Mark Hulsey III
Date Filed: n/a                  Dismissal Date (if not pending): 10/29/15
Reason: denied 3850

13. Case #: 1D16-4042            Parties: Cummings v. State of Fla
Court: 1st DCA                   Judge: N/A
Date Filed: N/A                  Dismissal Date (if not pending): 3/29/17
Reason: denied Writ of Prohibition

14. Case #: 1D17-5464            Parties: Cummings v. State
Court #: 1st DCA                 Judge: Brue Anderson Jr.
Date Filed: N/A                  Dismissal Date: overturned
Reason: 3.801 overturned

12A

15. Case #: 1D17-5191                    Parties: Cummings V. State
Court: 1st DCA                           Judge: Bruce Anderson
Date Filed: N/A                          Dismissal Date: Overturned 10-18-2018
Reason: Overturned 3.801 Resented.

12 B

3.  I understand it is my obligation to timely notify the Clerk's Office if there

is any change to my mailing address and that my failure to do so may result

in a dismissal of the action.

Date: 4/29/24    Plaintiff's Signature: _____

Printed Name of Plaintiff: Horace Cummings DC#303027

Correctional Institution: Wakulla Correctional Institution

Address: 110 Melaleuca Drive

Crawfordville, Florida 32054-0658

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

**the prison's mail system for mailing on the 29th day of Apri , 2024.**

Signature of Incarcerated Plaintiff: _____

HORACE CUMMINGS 0-303027- G3-3106L
WAKulla CORRECTIONAL Institution
110 Melaleuca Drive
CRAWfordville, FLORIdA 32327-4963

" LEGal Mail "

ECKED MAY 0 2 2024



CLeRK, U.S. DisTRicT CouRT

111 N. ADAMS STREET

TAllaHASSEE, FloRIda

32301-7730