LEGAL MAIL
Provided to
Wakulla CI

JUN 11 2024

FOR MAILING

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

HORACE BENJAMIN CUMMINGS,

Inmate ID Number: 303027,

**AMENDED
CIVIL RIGHTS COMPLAINT**

*(Write your full name and inmate ID
Number.)*

Case No.: 4:24-CV-00194-WS-MAF
*(To be filled in by the Clerk's Office)*

**v.**

**Jury Trial Requested?
[X] YES [ ] NO**

KASEY M. PAYNTER L.P.N,

JAMES R. RYAN; MD: ORTHOPEDICS,

THOMAS WINTERS; MD ORTHOPEDICS,

D.P. TURNER; MD PHYSICAL THERAPY,

CINDY G. NELSON, LPN
*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: <u>Horace Benjamin Cummings</u>  ID Number:<u>303027</u>

List all other names by which you have been known: <u>Horace Cummings</u>

Current Institution: <u>Wakulla Correctional Institution Main Unit</u>

Address: <u>110 Melaleuca Drive, Crawfordville, FL 32327-4963</u>

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1.  Defendant's Name: <u>Kasey M. Paynter</u>

    Official Position: <u>L.P.N. – Wound Care Specialist</u>

    Employed at: <u>Reception & Medical Center – Main Unit – R.M.C.</u>

    Mailing Address: <u>7765 Country Road 231</u>

    <u>Lake Butler, Florida 32054-3740</u>

    **[X]** Sued in Individual Capacity **[X]** Sued in Official Capacity

2.  Defendant's Name: <u>James R. Ryan</u>

Official Position: <u>MD Orthopedics</u>

Employed at: <u>Reception & Medical Center – Main Unit – R.M.C.</u>

Mailing Address: <u>7765 Country Road 231</u>

<u>Lake Butler, Florida 32054-3740</u>

**[X]** Sued in Individual Capacity **[X]** Sued in Official Capacity

3.  Defendant's Name: <u>Thomas Winters: MD Orthopedics</u>

Official Position: <u>Doctor - Orthopedic</u>

Employed at: <u>Reception & Medical Center – Main Unit – R.M.C.</u>

Mailing Address: <u>7765 Country Road 231</u>

<u>Lake Butler, Florida 32054-3740</u>

**[X]** Sued in Individual Capacity **[X]** Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

**<u>This information on the 4th and 5th Defendant is listed on page 3(a)</u>**

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

4.  Defendant's Name: D.P. Turner

    Official Position: Doctor: Physical Therapy

    Employed at: Reception & Medical Center – Main Unit – R.M.C.

    Mailing Address: 7765 Country Road 231

    Lake Butler, Florida 32054-3740

    [X] Sued in Individual Capacity [ ] Sued in Official Capacity


5.  Defendant's Name: Cindy G. Nelson

    Official Position: LPN

    Employed at: Reception & Medical Center – Main Unit

    Mailing Address: 7765 Country Road 231

    Lake Butler, Florida 32054-3740

    [X] Sued in Individual Capacity [X] Sued in Official Capacity

3(a)

Are you bringing suit against (*check all that apply*):

[  ] Federal Officials (*Bivens case*) [**X**] State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

[  ] Pretrial Detainee [  ] Civilly Committed Detainee

[**X**] Convicted State Prisoner [  ] Convicted Federal Prisoner

[  ] Immigration Detainee [  ] Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to the

complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

***Paragraphs 14-54 of this statement of facts appear on pp. 6(a)-6(e), attached.***

1.    In this complaint Cummings is alleging that medical staff working in FDOC are providing deliberately indifferent medical treatment for Cummings' serious medical condition.

2.    Cummings' right knee condition is one that has been diagnosed by the Defendant's as a serious medical need mandating treatment and one that is so obvious that a lay person easily recognizes the necessity for medical attention.

3.    Cummings' right knee is pinching the sciatic nerve to Cummings' right leg and foot. This condition is known as sciatica. The condition became complicated by infection, developing several cysts.

4.    The Defendants' conduct toward Cummings includes: a) grossly inadequate medical care; b) a decision to take an easier but  less efficacious course of treatment; c) medical care that is so cursory as to amount to no treatment at all.

5.    On January 12, 2023, Cummings was taken to medical at Wakulla Correctional Institution – Main Unit from the recreation yard basketball court injury to knee to see Dr. William Crunk.

6.    Dr. William Crunk ordered an X-ray on Cummings knee, and gave Cummings a wheelchair, 30 mg torodol, and 125 mg solumedrol to relieve the pain on the knee.

7.    On January 30, 2023, Cummings was transferred to Reception and Medical Center (RMC) for an appointment with Doctor James R. Ryan, orthopedic and Doctor Thomas Winters; orthopedic.

**Statement of Facts Continued** *(Page 2 of 7)*

8.    On February 07, 2023, an MRI was conducted, and Cummings was diagnosed with a tear to the right patellar tendon of the knee from a January 12, 2023 basketball injury thus mandating the need for treatment to relieve the ongoing pain he was/is experiencing. Dr. Ryan and Dr. Winters put in a recommendation for surgery to be approved by Central Office.

9.    On April 28, 2023 Cummings had the surgery repair to the right patellar tendon of the knee in a mobile trailer hospital unit housed outside of RMC-hospital.

10.    The mobile trailer hospital unit is owned by Doctor Thomas Winter's orthopedic contracted by Centurion. The mobile trailer hospital unit was infected with mold among other things when Cummings had his surgery on April 28, 2023.

11.    Orthopedic Dr. James R. Ryan and Dr. Thomas Winters performed the surgery on Cummings and knew that the mobile hospital unit had visible mold in it, and was unsafe to perform the surgery on Cummings.

12.    After the surgery, on May 1, 2023, Cummings was ordered to be seen by wound care specialist & supervisor/PCP nurse Kasey M. Paynter L.P.N. for daily wound care and dressing change; order signed by Dr. Winters and Dr. Ryan. The wound care would end on Wednesday May 10, 2023.

13.    Cummings complained to the PCP nurse Paynter during the 10 days order that his knee was infected, hot, swollen, leaking puss, and in severe pain causing a limp. Nurse Paynter witnessed these symptoms as she conducted daily dressing changes, but refused to report or document them. Cummings wrote grievances against nurse Paynter regarding her refusal to provide adequate medical care.

**Statement of Facts Continued** *(Page 3 of 7)*

14.   On May 12, 2023, after the wound care order expired, Cummings was again seen by the orthopedic doctors Winters and Ryan for a follow-up. The surgery wound was still visibly infected and had not closed, and Cummings begged them not to remove the stitches. The orthopedic doctors Ryan and Winters took the stitches out of Cummings' knee regardless of the obvious risk to Cummings, and prescribed antibiotics. They also put in another order for additional daily wound care/dressing change.

15.   After the May 12, 2023 appointment, Nurse Paynter only saw Cummings 3 times a week, and refused to treat Cummings' wound daily. This left Cummings infected wound wrapped in dirty bandages and left uncleaned for several days at a time. Paynter told Cummings that since he had written grievances and did not like her treatment, he could do his own wound care.

16.   On May 19, 2023 one week after Dr. Ryan and Dr. Winters took the stitches out, Cummings was seen again by the two orthopedics. The infection had gotten visibly worse, and was hot, swollen, leaking puss, and in severe pain causing a limp. The orthopedic doctors refused to give any new treatment, however, only allowing the same antibiotics and daily wound care.

17.   On May 26, 2023 the two orthopedics ordered an X-ray for Cummings' knee, but the two orthopedics did nothing else to help Cummings infected knee.

18.   On June 09, 2023, at wound care, Specialist Kasey M. Paynter finally took samples of the infected wound on Cummings' knee. She refused to order any additional treatment, however, besides the same antibiotics, despite the fact that she had observed the infection getting worse over time. She also observed puss was coming out of Cummings' knee, the wound remained open, and was visibly swollen. Cummings had also constantly reported pain, increased heat in the wound, and night sweats.

19.   The next day June 10, 2023, approx 3:00 pm the cyst on Cummings' knee bursted and Cummings notified the Officer in F-dorm. The Officer called urgent care, and told the active nurse on duty that Cummings' knee had busted and puss was coming out of his knee. The active nurse told the officer that the PCP supervisor K. Paynter had left orders that Cummings not be admitted to medical for any reason until Monday June 12, 2023 when Cummings was on the call-out.

**Statement of Facts Continued** *(Page 4 of 7)*

20.    Cummings was seen by the two orthopedic surgeons on June 16, 2023 and the surgeon's Ryan and Winters put Cummings in again for daily wound care and recommended a 2nd surgery; an irrigation and debridement of the right knee to clean out the infection in the right knee.

21.    At one of Cummings' appointments with the 2 orthopedic surgeons, security staff from one of the area institutions and Centurion Nurse heard Cummings tell the 2 orthopedic surgeons about Nurse Paynter's failing to treat his wound daily and Centurion nurse stated that she would email Nurse Paynter to make sure that Cummings wound is treated daily.

22.    Between the date of June 19, 2023 – July 13, 2023 Cummings began receiving daily wound care from Nurse Kasey M. Paynter, who began acting curtly and short with Cummings, and told him not to go "over her head" ever again if he wanted his treatment to continue. Cummings understood her statement to be a threat of refusing medical care if he continued complaining about Paynter on grievances or verbally.

23.    Also between the dates of June 19, 2023 – July 13, 2023 the Central Office approved the surgery for an irrigation and debridement of the right knee to clean out the infection in the right knee that was infected from the 1st surgery on April 28, 2023.

24.    On Friday July 14, 2023 Cummings had the 2nd surgery, an irrigation and debridement of the right knee in the same moldy mobile hospital unit housed outside of the RMC Main Unit hospital that's owned by Dr. Thomas Winters contracted by Centurion LLC.

25.    Cummings was sent back to his dorm F at RMC Main Unit after the surgery on Friday July 14, 2023.

26.    Later that day, security staff officer housed in F-dorm did her rounds. Cummings slept in Bunk F2-2148S the last bunk in the dorm. The officer asked Cummings is he O.K. because the officer seen the bandage on Cummings' knee was bleeding, Cummings told the officer that he had just had surgery earlier that day.

27.    The officer stated that the surgeon should not have sent Cummings back to the dorm after surgery in that condition.

**Statement of Facts Continued** *(Page 5 of 7)*

28.    Later on the same night Cummings had to borrow adult diapers from other inmates housed in the dorm with him in order to wrap his knee, because it had started pouring out blood.

29.    On July 15, 2023 approx 12:05 am shift change the inmates notified the officers that Cummings needed to go to urgent care immediately because his knee was bleeding non-stop.

30.    On July 15, 2023, Sgt. Oliva wheeled Cummings to urgent care immediately. The doctor on duty Dr. Kayode Balogon MD, admitted Cummings into Reception and Medical Center Main Unit Hospital, because Cummings knee was infected, swollen, bleeding, and causing extreme pain.

31.    About an hour later, Dr. Balogun removed the bandage saturated with "serosanguineous fluids." He stated that Cummings should not have been allowed to leave the surgery room in this condition.

32.    Doctor Kayode Balogun MD ordered an IV antibiotic stronger than normally allowed in general population at the prison.

33.    Cummings was in RMC Main Unit Hospital from July 15, 2023 – August 08, 2023 (24 days). Cummings was in I.V. for the first 20 days.

34.    On July 28, 2023 Cummings was seen by the 2 orthopedic surgeons. They did not provide any treatment at that time, but scheduled a follow up in 3 weeks.

35.    On August 08, 2023 at 1:52 pm, Cummings was discharged from RMC Main Unit Hospital. Upon discharge from RMC Hospital Timothy Byrd, APRN Medical Providers, Centurion, wrote on Doctors Progress note that Cummings was supposed to see the "ortho follow up 3 weeks pending."

36.    Cummings was waiting for the follow up appointment with the 2 orthopedics which never came.

37.    On August 24, 2023 Cummings was seen by D. P. Turner (MD physical therapy). Cummings explained to Doctor Turner that his knee was still infected, hot, swollen, causing pain, lacked range of movement, and could not support his weight.

38.    Turner refused to treat Cummings' infection despite the obvious symptoms; he only recommended standard physical therapy for 8 weeks, 2 times a week.

**Statement of Facts Continued** *(Page 6 of 7)*

39.   On September 11, 2023, Cummings went to sick call to renew his temporary wheelchair pass and because his knee was infected. Cummings was seen by sick call nurse Cindy G. Nelson. The sick call room is also the wound care room, where nurse Kasey M. Paynter is the supervisor.

40.   During the sick call, Cummings explained to Nurse Cindy G. Nelson that his knee was still infected, hot, swollen, causing pain, lacked range of movement, and could not support his weight. Nurse Nelson observed the infection, but refused treatment for it, stating that she was going off Doctor Turner's notes from August 24, 2023. His notes stated that Cummings doesn't need a wheelchair, and that his knee is not infected; to continue progress to a cane.

41.   Cummings did physical therapy from September through November with an infected knee, causing extreme pain while the infection continued to spread and worsen in intensity.

42.   Cummings continued to complain about the infection, but Dr. Turner refused to report the symptoms to orthopedics, or even to modify his previous notes.

43.   On November 10, 2023, after finishing physical therapy, Cummings attended a routine follow up by orthopedic Dr. Thomas Winters. Dr. Winters ordered X-rays the same day and inspected the infected knee. Based on an abnormality in the X-ray, he put an order in for an MRI.

44.   On December 14, 2023 Cummings received an MRI on his knee. The MRI technician, Mark W. Cooper MD, and a lady MRI technician were talking during the MRI and stated - in front of other inmates waiting to get an MRI - that they seen the infection in Cummings' knee in the MRI.

45.   Once the MRI was complete, on December 14, 2023, the two MRI technicians were helping Cummings out of the MRI machine the lady MRI tech asked Cummings why he was not on any antibiotics.

46.   Cummings did not see the orthopedic until 29 days later.

47.   Doctor J. P. Ryan seen Cummings on January 12, 2024 and looked at Cummings' knee and MRI. He refused to admit to any infection in the knee, but stated only that that

**Statement of Facts Continued** (*Page 7 of 7*)

there is a 2% chance that the surgeries he and Dr. Thomas Winters do "go wrong," and that Cummings was in that 2%.

48.    Instead of treating the infection, Dr. J.P. Ryan recommended for Cummings to receive a third surgery for a "right knee arthroscopy with shaving partial medial and lateral meniscectomy vs repair." Cummings is in fear of losing the limb if the infection is not treated, and has refused to submit to the shaving surgery while the infection remains. He was therefore returned to Wakulla CI.

49.    Early February 2024 Cummings' family members emailed Regional Director Angela Gordon in Tallahassee, Florida, about Dr. J. P. Ryan's recommended 3rd surgery on Cummings and asked for a second opinion.

50.    On February 28, 2024 Cummings went to sick call at Wakulla C.I. Main Unit because the infection on his knee was getting worse forming a boil/cyst, causing more pain and swelling, and felt hot. Several nurses squeezed and drained the cyst.

51.    That same day, Cummings was seen by Medical Provider Minardi, P.A. who agreed the knee was infected and prescribed antibiotics, prescribed pain medication, and wound care for 10 days.

52.    On April 08, 2024 Cummings went to Medical Emergency at Wakulla C.I. Main Unit, because another painful cyst had appeared on Cummings knee on the large scar from the surgery. Dr. Cortes MD Centurion drained the cyst, took cultures, ordered Doxycycline Hyclate 100 mg tab (antibiotic), and wound care for 10 days.

53.    The mobile medical trailer unit was closed from January 2024 – April 2024 to remove the mold.

54.    Cummings' knee is still infected and in serious pain. Cummings is unable to walk unassisted, and as of the filing of this amended complaint is not on any medication for his knee.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

**COUNT I**

Defendant Kasey M. Paynter violated my Eighth Amendment rights by her deliberate indifference to my medical needs. She knew the serious risks to my knee but refused proper treatment as alleged in paragraphs 13, 15, and 18-19 and 22.

*Counts II – VI appear on page 7(a), attached*

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

1. Injunctive relief against Defendants Paynter, Ryan, Winters, and Nelson to compel them to either treat Cummings' infected knee with sufficient medical treatment, and/or to restrain them from causing further injury.

2. Compensatory damages in the amount of $750,000.00 from each Defendant in their individual capacity. (3.75 million total compensatory damages).

3. Punitive damages in the amount of $1,250,000.00 from each Defendant in their individual capacity. (6.25 million total punitive damages).

4. Nominal damages in the amount of $100.00 from each Defendant. ($500 total nominal damages).

5. Recovery of costs for filing fees, legal copies, legal postage and any other costs incurred by this action.

6. Any further relief this Court deems just, proper and equitable.

**Statement of Claims Continued**

**COUNT II**

Defendant Kasey M. Paynter violated my First Amendment rights by retaliating against me for writing grievances as described in paragraph 22.

**COUNT III**

Defendant James R. Ryan MD orthopedics violated my Eighth Amendment rights by his deliberate indifference to my medical needs. He knew of the serious risks to my knee, but refused proper treatment as alleged in paragraphs 9-11, 14, 16-17, 24-31, and 44-48.

**COUNT IV**

Defendant Thomas Winters MD orthopedics violated my Eighth Amendment rights by his deliberate indifference to my medical needs. He knew of the serious risks to my knee, but refused proper treatment as alleged in paragraphs 9-11, 14, 16-17, 24-31, and 44-48.

**COUNT V**

Defendant DP Turner, MD physical therapist violated my Eighth Amendment rights by his deliberate indifference to my medical needs. He knew the serious risks to my knee but refused proper treatment as described in paragraphs 37-38, and 41-42.

**COUNT VI**

Defendant Cindy G. Nelson, LPN sick call nurse violated my Eight Amendment rights by her deliberate indifference to my medical needs. She knew the serious risks to my knee but refused proper treatment as described in paragraphs 39-40.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

**[ ] YES [X] NO**

B. Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?

**[ ] YES [X] NO**

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?

**[X] YES [ ] NO**

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 3:21-CV-443-MMH-MCR    Parties: Cummings vs State of Florida
   Court: Middle District FL    Judge: unknown
   Date Filed: 4-30-2021    Dismissal Date (*if not pending*): unknown
   Reason: exhaustion

2. Case #: 3:21-cv-711-TJC    Parties: Horace B. Cummings v Sec. Fla. Dept of Corr.
   Court: Middle District    Judge: James R. Klindt
   Date Filed: 07/15/21    Dismissal Date (*if not pending*): pending

Reason:    Pending 2254

3. Case #: 98-543                Parties: Cummings v State of Florida

Court:  1st DCA Direct Appeal Judge: Jack Schemer

Date Filed:    N/A            Dismissal Date (*if not pending*):September 2, 1998

Reason:    Appealed convictions from 1998

4. Case #: 1D00-4718            Parties: Cummings v State of Florida

Court:  1st DCA                Judge: N/A Writ of Habeas Corpus

Date Filed:    N/A            Dismissal Date (*if not pending*):  December 28, 2000

Reason:    Writ of Habeas Corpus was untimely

5. Case #: 1D02-5085            Parties: Cummings v State of Florida

Court:  4th Cir Court-Duval    Judge: W. Gregg McCoulie

Date Filed    not known        Dismissal Date (*if not pending*):    N/A

Reason:    denied

6. Case #: 1D06-3399            Parties: Cummings v State of Florida

Court:  4th Cir Court-Duval    Judge: Jack M. Schemer

Date Filed:    N/A            Dismissal Date (*if not pending*):    July 11, 2007

Reason:    denied 3.850

7. Case #: 1D08-5992            Parties: Cummings v State of Florida

Court:  1st DCA                Judge: Jack M. Schemer

Date Filed:  N/A              Dismissal Date (*if not pending*):  4/6/2009

Reason:    3.850 denied

8. Case #: 1D09-4913            Parties: Cummings v State of Florida

Court: 1st DCA                Judge: Mark Hulsey III

Date Filed:  N/A              Dismissal Date (*if not pending*): 12/30/2009

Reason:    Denied Writ of Certiorari

9. Case #: <u>1D10-3822</u>          Parties: <u>Cummings v State of Florida</u>
   Court: <u>4th Cir Court-Duval</u>     Judge: <u>Mark H. Mahon</u>
   Date Filed: <u>N/A</u>            Dismissal Date (*if not pending*): <u>11/11/2010</u>
   Reason: <u>Denied 3.850</u>

10. Case #: <u>1D11-2481</u>          Parties: <u>Cummings v State of Florida</u>
    Court: <u>1st DCA</u>             Judge: <u>N/A</u>
    Date Filed: <u>N/A</u>            Dismissal Date (*if not pending*): <u>8/10/11</u>
    Reason: <u>Denied 3.850</u>

11. Case #: <u>1D12 – 3762</u>        Parties: <u>Cummings v State of Florida</u>
    Court: <u>4th Cir Court-Duval</u>    Judge: <u>N/A</u>
    Date Filed: <u>N/A</u>            Dismissal Date (*if not pending*): <u>1/30/13</u>
    Reason: <u>Denied 3.800</u>

12. Case #: <u>1D14-2426</u>          Parties: <u>Cummings v State of Florida</u>
    Court: <u>4th Cir Court-Duval</u>    Judge: <u>Mark Hulsey III</u>
    Date Filed: <u>N/A</u>            Dismissal Date (*if not pending*): <u>10/29/15</u>
    Reason: <u>Denied 3.850</u>

13. Case #: <u>1D16-4042</u>          Parties: <u>Cummings v State of Florida</u>
    Court: <u>1st DCA</u>             Judge: <u>N/A</u>
    Date Filed: <u>N/A</u>            Dismissal Date (*if not pending*): <u>3/29/16</u>
    Reason: <u>Denied Writ Of Prohibition</u>

14. Case #: <u>1D17-5464</u>          Parties: <u>Cummings v State of Florida</u>
    Court: <u>1st DCA</u>             Judge: <u>Bruce Anderson Jr.</u>
    Date Filed: <u>N/A</u>            Dismissal Date (*if not pending*): <u>overturned</u>
    Reason: <u>Rule 3.801 motion overturned</u>

15. Case #: __1D17-5191__    Parties: __Cummings v State of Florida__

Court: __1st DCA__    Judge: __Bruce Anderson__

Date Filed: __N/A__    Dismissal Date (*if not pending*): __Overturned 10/18/2019__

Reason: __Overturned 3.801 motion / resentenced__

16. Case #: __3:13-CV-1172-J-25JBT__    Parties: __Cummings v State of Florida__

Court: __Middle District FL__    Judge: __unknown__

Date Filed: __10-17-2019__    Dismissal Date (*if not pending*): __unknown__

Reason: __exhaustion__

17. Case #: __3:18-CV-207-J-39JRK__    Parties: __Cummings v State of Florida__

Court: __Middle District FL__    Judge: __unknown__

Date Filed: __2-08-2018__    Dismissal Date (*if not pending*): __unknown__

Reason: __exhaustion__

18. Case #: __3:03-CV-860-J-25HTS__    Parties: __Cummings v State of Florida__

Court: __Middle District FL__    Judge: __unknown__

Date Filed: __unknown__    Dismissal Date (*if not pending*): __unknown__

Reason: __untimely__

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: _JUNE 11 2024_    Plaintiff's Signature: _____

Printed Name of Plaintiff:    Horace B. Cummings, DC# 303027

Correctional Institution:    Wakulla C.I. Main Unit

Address:    110 Melaleuca Drive, Crawfordville, FL 32327-4963

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) [X] delivered to prison officials for mailing or [ ] deposited in**

**the prison's mail system for mailing, on the _11th_ day of _JUNE_, 2024 .**

Signature of Incarcerated Plaintiff: _____

```
IBSR140 (74)                    FLORIDA DEPARTMENT OF CORRECTIONS              06/06/24
                                   TRUST FUND ACCOUNT STATEMENT               08:11:22
                                 FACILITY: 118 - WAKULLA C.I.                 PAGE  417
                                 FOR: 05/01/2024 - 05/31/2024

ACCT NAME: CUMMINGS, HORACE           ACCT#: 303027
     BED: C2102S                      TYPE: INMATE TRUST
     PO BOX:

                                                        BEGINNING BALANCE 05/01/24    $1,759.75

       POSTED                REFERENCE
       DATE    NBR  TYPE      NUMBER       FAC   REMITTER/PAYEE        +/-    AMOUNT      BALANCE
       -------- ---  --------------- -----------  ---  -------------------------- ---  ----------  ---------------
       05/05/24 025  CANTEEN SALES   11820240504  000                            -      $4.48    $1,755.27
       05/06/24 025  CANTEEN SALES   11820240505  000                            -      $8.62    $1,746.65
       05/06/24 160  PROCESSING FEE  WEEKLY DRAW  000                            -      $0.13    $1,746.52
       05/08/24 025  CANTEEN SALES   11820240507  000                            -      $3.28    $1,743.24
       05/11/24 025  CANTEEN SALES   11820240510  000                            -     $10.99    $1,732.25
       05/12/24 025  CANTEEN SALES   11820240511  000                            -     $11.63    $1,720.62
       05/13/24 157  PROCESSING FEE  WEEKLY DRAW  000                            -      $0.26    $1,720.36
       05/15/24 025  CANTEEN SALES   11820240514  000                            -     $20.45    $1,699.91
       05/20/24 159  PROCESSING FEE  WEEKLY DRAW  000                            -      $0.20    $1,699.71
       05/22/24 023  CANTEEN SALES   11820240521  000                            -     $10.00    $1,689.71
       05/24/24 025  CANTEEN SALES   11820240523  000                            -      $5.71    $1,684.00
       05/27/24 159  PROCESSING FEE  WEEKLY DRAW  000                            -      $0.16    $1,683.84
       05/29/24 025  CANTEEN SALES   11820240528  000                            -     $14.95    $1,668.89
       05/30/24 124  INDIVIDUAL CHEC 0797316      000   USDC - NORTHERN DISTRICT -    $405.00    $1,263.89

                                                        ENDING BALANCE 05/31/24      $1,263.89
```

HORACE CUMMINGS O-303027- C2-2102S

WAKULLA CORRECTIONAL INSTITUTION - MAIN UNIT

110 MElALEUCA DRIVE

CRAWFordVILLE, FLORIDA 32327-4965

CHECKED JUL 17 2024

" LEGAI Mail "



MAILED
CORRE
FACIL

United States District Court

Northern District Of Florida

Office Of The Clerk

111 North Adams Street, Suite 322

Tallahassee, Florida

3-2301-7717