IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HORACE BENJAMIN CUMMINGS,**
**D.O.C. # 303027,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:24cv194-WS-MAF**

**CASEY M. PAYNTER, L.P.N., et al.,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION[1]

Plaintiff is a prisoner incarcerated in the custody of the Florida Department of Corrections. Plaintiff's initial request to proceed in forma pauperis, ECF No. 2, was denied, ECF No. 4, and Plaintiff recently paid the $405.00 filing fee for this case. ECF No. 12.

On June 17, 2024, Plaintiff filed a first amended complaint. ECF No. 15. The amended complaint has been reviewed as required by 28 U.S.C. § 1915A. Notably, all named Defendants are located at the Department of

---

[1] The first Report and Recommendation was issued on June 25, 2024, ECF No. 11, concerning Plaintiff's motion for injunctive relief, ECF No. 9. That Report and Recommendation is still pending.

Corrections' Reception and Medical Center [RMC] which is in Lake Butler, Florida. *Id.* Plaintiff contends that the Defendants were deliberately indifferent to his serious medical needs, *id.* at 5, and all relevant events involving those Defendants necessarily took place at RMC.

Lake Butler, Florida, is located within Union County. Union County is not within the territorial jurisdiction of this Court; rather, it is located within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). This case has been initiated in the wrong district. Venue is appropriate in the Middle District of Florida because the Defendants reside there and Plaintiff's claims took place in Union County. The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it.  There is no need for a hearing prior to directing transfer.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 1, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:24cv194-WS-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.