122652-10

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HORACE B. CUMMINGS,               CIRCUIT CIVIL DIVISION

      Plaintiff,                  CASE NO. 3:24-cv-00796-MMH-PDB

v.

KASEY M. PAYNTER, JAMES R.
RYAN, M.D., THOMAS
WINTERS, M.D., D.P. TURNER,
M.D., and CINDY G. NELSON,
L.P.N.,

      Defendants.

_____/

## <u>DEFENDANT, D.P. TURNER'S, MOTION TO DISMISS COUNT V OF PLAINTIFF'S AMENDED COMPLAINT</u>

COMES NOW D.P. Turner, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Chapter 766 of the Florida Statutes, hereby files this Motion to Dismiss Count V of Plaintiff's Amended Complaint. This case is proper for dismissal as Plaintiff has alleged medical malpractice and failed to comply with the mandatory pre-suit process as set forth in Chapter 766 of the Florida Statutes. In addition, Plaintiff fails to state an Eighth Amendment claim of deliberate indifference. As grounds in support thereof, Defendant respectfully submits to the Court as follows:

CASE NO. 3:24-cv-796-MMH-PDB

1.    On June 11, 2024, Plaintiff, Horace Cummings, filed his Complaint for Violation of Civil Rights against state or local officials, a Section 1983 Claim.

2.    Specifically, Count V of Plaintiff's Amended Complaint alleges that Defendant DP Turner (improperly identified as an MD), violated Plaintiff's 8th Amendment rights by "deliberate indifference" to his medical needs in regard to the treatment of Plaintiff's knee.

3.    Plaintiff claims that the Defendant violated the 8th Amendment to the United States Constitution, however all ultimate facts pled by the Plaintiff in relation to the Defendant relate to his medical care and treatment. As such, this should be addressed as a claim for Medical Malpractice per Chapter 766 Florida Statutes.

4.    Defendant, DP Turner, is a physical therapist and a health care practitioner as provided for under Chapters 486 and 766 Florida Statutes.

5.    According to Florida Statutes §766.106(1)(a), "A negligence claim constitutes medical malpractice when the claim arises out of the "rendering of, or the failure to render, medical care of services."

2

CASE NO. 3:24-cv-796-MMH-PDB

6. Because Plaintiff's claim against Defendant is for medical malpractice, it is subject to the mandatory pre-suit requirements set forth within Chapter 766 Florida Statutes. As Plaintiff has not complied with same, Count V warrants dismissal.

7. When determining whether a particular case is one for medical malpractice, Florida courts have determined that there are two considerations: (1) whether the action arose out of medical diagnosis, treatment, or care, and (2) whether such diagnosis, treatment, or care was rendered by a health care provider. *Silva v. Southwest Florida Blood Bank, Inc.*, 601 So.2d 1184, 1186 (Fla. 1992). Courts also look to whether the plaintiff will rely on the medical negligence standard of care, as set forth in § 766.102(1) in order to succeed in the case. *Integrated Health Care Servs., Inc. v. Lang–Redway*, 840 So.2d 974, 980 (Fla. 2002).

8. The Florida Supreme Court has held that "diagnosis, treatment and care" should be given their plain meaning, and that "in ordinary, common parlance, the average person would understand diagnosis, treatment, or care to mean ascertaining a patient's medical condition through examination and testing, prescribing and administering a

course of action to effect a cure, and meeting the patient's daily needs during the illness." *Nat'l Deaf Acad., LLC v. Townes*, 242 So.3d 303, 309 (Fla. 2018) (emphasis added).

9.    When alleging medical negligence, as here, Plaintiff has the burden of proving the actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. §766.102(1) Fla. Stat.

10.   When alleging medical negligence, as here, the health care provider-patient relationship gives rise to the duty of care, *Torres v. Sarasota County Public Hosp. Bd.*, 961 So.2d 340 (Fla. 2d DCA 2007), whereas in a general negligence action the duty of care is owed to those within the foreseeable zone of risk created by the Defendants. *McCain v. Florida Power Corp.*, 593 So.2d 500 (Fla. 1992).

11.   Plaintiff alleges Defendant refused to treat Plaintiff's infection. Thus, Plaintiff has alleged medical malpractice, and his allegations can only be proven through evidence that the alleged action and/or inaction of Defendant fell below the prevailing standard of care in the community, which resulted in injury to Plaintiff.

CASE NO. 3:24-cv-796-MMH-PDB

## II. PLAINTIFF ALLEGES MEDICAL MALPRACTICE, BUT FAILED TO COMPLY WITH THE MANDATORY PRE-SUIT REQUIREMENTS SET FORTH IN §766.106(2) FLORIDA STATUTES.

12.     Pursuant to established Florida law, where a Defendant is being sued for alleged medical negligence, that Defendant is entitled to the pre-suit notice and investigation requirements set forth in §766.106(2) Fla. Stat. *NME Properties, Inc. v. McCullough*, 590 So. 2d 439 (Fla. 2d DCA 1991); *Weinstock v. Groth*, 629 So. 2d 835, 837 (Fla. 1993).

13.     Further, as part of the pre-suit investigation, Plaintiff must notify the "prospective Defendants" of the intent to initiate litigation prior to filing a claim for medical malpractice.  §766.106(2)-(3)(a), Fla. Stat.

14.     Furthermore, §766.106(2)-(3)(a), Fla. Stat. requires, "Notice to each prospective Defendant must include, if available, a list of all known health care providers seen by the claimant for the injuries complained of subsequent to the alleged act of negligence, all known health care providers during the 2-year period prior to the alleged act of negligence who treated or evaluated the claimant, copies of all of the medical records relied upon by the expert in signing the affidavit, and the executed authorization form provided in s. 766.1065."

CASE NO. 3:24-cv-796-MMH-PDB

15.    In medical malpractice actions, plaintiffs must prove Defendant health care provider breached the prevailing professional standard of care, as testified to by a qualified medical expert, in order to prove their claim. *Ramsay v. S. Lake Hosp.*, 357 So. 3d 253, 258 (Fla. 5th DCA 2023); *Rockledge HMA, LLC v. Lawley*, 310 So. 3d 112, 115 (Fla. 5th DCA 2020)(quoting *Nat'l Deaf Acad., LLC v. Townes*, 242 So. 3d 303, 308 (Fla. 2018)).

16.    In the present matter, Plaintiff's allegations classify Defendant as a healthcare provider owing a duty of care to a patient, and as such, must be evaluated under Chapter 766 of the Florida Statutes, which governs medical malpractice.

17.    Plaintiff has failed to comply with the mandatory pre-suit investigation as required by §766.106(2)-(3)(a), Fla. Stat. prior to commencing this action. Specifically, prior to filing the subject Complaint, Plaintiff did not serve a Notice of Intent to Defendant which must include (a) a list of all known health care providers seen by Plaintiff for the injuries complained of subsequent to the alleged act of negligence, (b) all known health care providers during the 2-year period prior to the alleged act of negligence who treated or

evaluated the claimant, (c) copies of all of the medical records relied upon by the expert in signing the affidavit, (d) an expert affidavit, and (e) the executed authorization form provided in 766.1065 Florida Statutes.

18.     Plaintiff's claim was not submitted for the investigatory Pre-suit screening period; and the allegations in the Complaint were not reviewed by an expert witness. There is no dispute that a corroborating expert opinion was not supplied in the present case, as Plaintiff did not proffer or attach any expert testimony or corroborating affidavit with the Complaint.

19.     Florida law is clear that a medical negligence claim must go through a thorough investigation prior to the commencement of a civil action, therefore, the instant action cannot proceed. See *Hosp. Corp. of Am. V. Lindberg*, 571 So. 2d 446, 449 (Fla. 1990).

20.     Thus, because Plaintiff did not comply with the mandatory pre-suit investigation as required by §766.106(2)-(3)(a), Fla. Stat. prior to commencing this action, his case must be dismissed.

**III. PLAINTIFF FAILS TO PLEAD ULTIMATE FACTS ESTABLISHING DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS.**

21.    In order to establish liability for deliberate indifference to a serious medical need under the 8th Amendment, the prisoner has to "prove that the defendant (1) had subjective knowledge of risk of serious harm, (2) disregard for that risk, and (3) display conduct beyond gross negligence." *R.W. v. Armor Corr. Health Services, Inc.*, 830 F. Supp. 2d 1295 (M.D. Fla. 2011).

22.    The Plaintiff also has to show that he had a serious medical need and that the Defendant showed a "deliberate indifference to the need." Further, there has to be causation between the indifference of the Defendant and the injury of the Plaintiff. *Pennington v. Bhadja*, 2024 WL 1239475 at 7, Not reported in Fed. Supp (S.D. Fla. March 22, 2024).

23.    It is also established that "deliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain'." *Johnson v. McNeil*, 278 Fed. Appx. 866, 869 (11th Cir. 2008) see *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

24.    Plaintiff does not plead any facts that support the deliberate indifference of Defendant. On the contrary, the Defendant appropriately treated the Plaintiff with physical therapy in response to his alleged serious medical need.

CASE NO. 3:24-cv-796-MMH-PDB

25.    The Plaintiff states that Defendant refused to treat Plaintiff's alleged infection, however the Defendant is not a medical doctor, but rather a physical therapist.

26.    The Plaintiff also fails to allege any conduct on the part of the Defendant that was grossly negligent as to constitute "the unnecessary and wanton infliction of pain." See *Johnson*.

27.    As Plaintiff does not plead any facts which support deliberate indifference or unnecessary infliction of pain on the part of the Defendant, the Defendant respectfully request this matter be dismissed for failure to plead ultimate facts in support of Count V of Plaintiff's claim.

IV. PLAINTIFF FAILED TO INDICATE WHETHER HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

28.    The Plaintiff failed to indicate whether he has exhausted his administrative remedies in this matter. Therefore, the Defendant requests this matter be dismissed.

29.    WHEREFORE, Defendant, D.P. Turner, respectfully requests that this Honorable Court dismiss Count V of Plaintiff's Amended Complaint with prejudice.

CASE NO. 3:24-cv-796-MMH-PDB

## Local Rule 3.01(g) Certification

The undersigned counsel certifies that we have attempted to confer with the pro-se Plaintiff regarding the relief requested in this motion by sending a letter via Certified U.S. Mail in compliance with Local Rule 3.01(g)(1). The parties were unable to reach an agreement as to this Motion prior to the time of filing.

## Local Rule 3.01(g) Supplemental Certification re: Unavailability

The undersigned certifies that the incarcerated Plaintiff was not available for conferral prior to the Motion being filed. The undersigned has sent a copy of the Motion to the Plaintiff via Certified U.S. Mail. To date, the parties are unable to reach an agreement as to this Motion.

_/s/ Samantha Jane Mayberry_
Samantha Jane Mayberry, Esquire
Florida Bar No. 1059223
Richard E. Ramsey
Florida Bar No. 715026
WICKER SMITH O'HARA MCCOY &
FORD, P.A.
Attorneys for D.P. Turner
50 N. Laura St., Suite 2700
Jacksonville, FL  32202
Phone: (904) 355-0225
Fax: (904) 355-0226
JAXcrtpleadings@wickersmith.com

CASE NO. 3:24-cv-796-MMH-PDB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on July 25, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Samantha Jane Mayberry, Esquire*
Samantha Jane Mayberry, Esquire

## SERVICE LIST

Horace B. Cummings
DC#  303027
Northwest Florida Reception Center Annex
4455 Sam Mitchell Drive
Chipley, FL 32428